FIRST NATIONAL BANK AND TRUST COMPANY OF FREMONT, NEBRASKA, APPELLEE V. ROBERT D. MILLER, APPELLANT.
446 N.W.2d 11

Filed September 22, 1989.   Nos. 87-1075, 87-1076.

Richard L. Kuhlman for appellant.

Thomas B. Thomsen, of Sidner, Svoboda, Schilke, Wiseman, Thomsen, Holtorf & Boggy, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The defendant has appealed an adverse judgment in a forcible entry and detainer action arising out of an oral lease of premises and an action for declaratory judgment for rescission of a contract to purchase the same real estate. The cases, although briefed separately, have been consolidated on the court's own motion for the purpose of this opinion. We affirm.

The defendant signed an agreement to purchase certain premises in Dodge County from the plaintiff. He made a downpayment of $1,500 and was to pay the balance of the purchase price of $40,000 in cash or certified check on closing day. The parties orally agreed that the defendant could lease the property for $350 per month until the purchase closed.

The defendant was consistently late with the rental payments. Finally, the plaintiff gave defendant a 3-day notice to quit the premises and on June 19, 1987, filed a complaint in forcible entry and detainer in the county court. On the same day, plaintiff filed an action in the district court for declaratory judgment, seeking rescission of the purchase contract because of a breach by the defendant in failing to pay the balance of the purchase price. The county court granted plaintiff a writ of restitution and a money judgment for back rental. Defendant appealed to the district court.

The district court considered the appeal from the county court and the petition for declaratory judgment at the same time. It affirmed the action of the county court and entered judgment for the plaintiff on its petition for restitution. The basis upon which rescission was granted was that at the time of closing, rather than tendering cash, defendant tendered a sight draft in the sum then due of $40,700 drawn against Common Title Bond and Trust. This was presented for payment, and Common Title returned a bill of exchange for $40,700, which

has not been paid. The Federal Reserve bank has informed the plaintiff that it has had inquiries from several banks attempting to collect on Common Title bills of exchange and that it will not pay those documents. In other words, the instruments tendered by defendant seem to be worthless, and defendant has never complied with the terms of the purchase agreement to pay the balance of the purchase price. It requires no citation of authority to justify the rescission of a purchase contract where the purchaser utterly fails and refuses to pay the purchase price when due.

Defendant's theory as to why the judgment for restitution in the forcible detainer action should be reversed is equally novel and frivolous. He contends that because he posted a supersedeas bond to cover the rental payment during the term of appeal, it constitutes acceptance of rental payments and amounts to a waiver by the plaintiff of the June breach of the oral lease. However, a supersedeas bond " 'does not reverse, annul, or undo what has already been done, or impair the force, or pass on the merits, of the judgment, order, or decision of the trial court . . . .' " *Kleeb v. Kleeb*, 213 Neb. 537, 540, 330 N.W.2d 484, 486 (1983). The bond simply preserves the status of the parties as of the time of judgment.

The judgments of the district court are affirmed.

AFFIRMED.